CLARK, J.,
concurring with reasons.
LI respectfully concur in the denial of the writ application. ■ I writ separately to address the question pondered by Judge Tobias in his concurrence to the court of appeal opinion — why does Louisiana not allow expert testimony relating to eye witness identification in a capital murder case? In State v. Young, 09-1177, p. 13 (La.4/5/10), 35 So.3d 1042, 1050, this Court expressly declined to overrule the decision in Stucke[1] barring the admissibility of expert testimony on eyewitness identification. Until the Louisiana legislature enacts legislation that overrules Stucke and Young, expert testimony on'eye witness identification is not admissible, even in a *832 capital murder case, for the same reasons expressed by this Court in Young. Those reasons include: (1) Such expert testimony can be more prejudicial than probative because it focuses on the things that produce error without reference to the factors which support the validity of identification, thus, fostering a disbelief of eyewitnesses by jurors; (2) allowing experts to offer opinions on the credibility of another witness invades what is considered the exclusive province of the jurors; (3) the concept of promoting battles of experts over whether the testimony of every witness is truthful and reliable is not desirable; and (4)such expert testimony does not satisfy the standard articulated under La. C.E. art. 702. Young, 09-1177, pp. 13-14, 35 So.3d at 1050.

. State v. Stucke, 419 So.2d 939, 945 (La.1982).